UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

   Plaintiff,

   v.

WILL BAILEY,

   Defendant.

Case No. C06-5173RBL

REPORT AND RECOMMENDATION

**NOTED FOR September 8th, 2006**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Defendant has filed a motion to dismiss or in the alternative for a more definite statement. (Dkt. # 30). Plaintiff has filed a cursory response. (Dkt. # 33).

Although the defendant has answered the complaint they now challenge subject matter jurisdiction and the sufficiency of the complaint. (Dkt. # 30). Defendant correctly notes that the complaint does not contain a statement of the supporting jurisdiction by this court or identify the causes of action.

Review of the complaint shows plaintiff to be claiming defendant retaliated against him for an article in plaintiff's newspaper. There is no prayer for relief in the complaint. (Dkt. # 13).

REPORT AND RECOMMENDATION - 1

## STANDARD

A court should dismiss a claim under Fed.R.Civ.P. 12(b) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

The court liberally construes plaintiff's pleadings because he is acting pro se. However, there are limits as to how far the court may go in construing a complaint. The court cannot add facts to a complaint that have not been plead and cannot supply essential elements to a complaint that the plaintiff has failed to plead. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

Fed. R. Civ. P. 8 (a) states that a complaint must contain three things. The first thing a complaint must contain is a "short plain statement of the grounds upon which the court's jurisdiction depends." The second item a complaint must contain is a "short plain statement of the claim showing that the pleader is entitled to relief." And the final item a complaint must contain is a "demand for judgment for the relief the pleader seeks."

## DISCUSSION

Plaintiff's complaint does not contain any statement regarding the court's jurisdiction and the complaint is deficient for that reason alone. A statement of the court's jurisdiction is an essential element of the complaint and is not something the court may supply to a pro se who has not plead it. Further, the complaint in this action contains several unnecessary paragraphs regarding persons who are not named defendants in this action and is not a short plain statement of the case. Finally, the complaint contains no request for relief.

REPORT AND RECOMMENDATION - 2

1    A complaint must fairly apprize the defendant of the allegations against him and the claims
2 the plaintiff is raising. The court has read the complaint. The court finds the plaintiff has not clearly
3 plead what issue or issues he is raising. While the facts seem to allege retaliation, the plaintiff also
4 mentions defamation. Plaintiff should clearly indicate what claims he is bringing.
5    The first issue the court must consider is whether to dismiss this action or require plaintiff
6 amend the action. Dismissal is only proper if it appears beyond doubt that the plaintiff can prove no
7 set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717
8 F.2d 1295, 1300 (9th Cir. 1983).
9    Here, plaintiff has plead facts which if true may form the basis of a retaliation claim.
10 Dismissal is not proper and plaintiff should be given leave to amend.
11    Having reached this conclusion the court recommends that motion to dismiss be **DENIED**
12 and plaintiff be ordered to file an amended complaint that will act as a complete substitute for the
13 original. The new complaint should not contain any new defendant or any cause of action that was
14 not discussed in the original complaint. The new complaint must comply with Fed. R. Civ. P. 8 (a).
15    A proposed order accompanies this Report and Recommendation.
16    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
17 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R.
18 Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.
19 Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is
20 directed to set the matter for consideration on **September 8th, 2006**, as noted in the caption.

   DATED this 22nd day of August, 2006.


              /S/ J. Kelley Arnold
              J. Kelley Arnold
              United States Magistrate Judge

REPORT AND RECOMMENDATION - 3